UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CAROL GADDY, *et. al*, | ) |
| | ) Case No. 1:25-cv-226 |
| *Plaintiffs*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Christopher H. Steger |
| MAZEN SOUKIEH, *et. al*, | ) |
| | ) |
| *Defendants*. | ) |

### MEMORANDUM AND ORDER

Before the Court are (1) Defendant Chancellor Pamela Fleenor's motion to dismiss (Doc. 12); (2) Defendants Harolda Bryson and Phillip Noblett's (collectively, "City Defendants") motion to dismiss (Doc. 25); and (3) Defendants Robin Miller, James Davey, Bill Hullander, and Shannon Gupta's (collectively, "County Defendants") motion for a more definite statement (Doc. 27). For the reasons below, the Court will **DENY** Chancellor Fleenor's motion to dismiss with leave to refile, **DENY** the City Defendants' motions to dismiss with leave to refile, and **GRANT** the County Defendants' motion for a more definite statement.

I. **BACKGROUND**

This suit centers around alleged "constitutional violations" and "criminal conspiracy" concerning two homes—3205 Wood Avenue and 2605 E. 45th Street—in Chattanooga. (*See* Doc. 15, at 1, 3–11.)

On July 14, 2025, Plaintiffs Carol Gaddy, Thomas Gaddy, and Kelly Gaddy, proceeding *pro se*, filed their initial complaint (Doc. 1). On August 6, 2025, Chancellor Fleenor, a judge for the Chancery Court for Hamilton County, Tennessee, filed a motion to dismiss (Doc. 12). The

next day, Plaintiffs filed an amended complaint (Doc. 15).[1]  On August 21, 2025, City Defendants filed a motion to dismiss (Doc. 25), and County Defendants filed a motion for a more definite statement (Doc. 27).  Plaintiff did not respond to any of these motions.

## II.     MOTION FOR A MORE DEFINITE STATEMENT

### A.     Standard of Law

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

The Court is mindful that *pro se* complaints "are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys."  *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012).  However, the Court is "not required to either guess the nature of or create a litigant's claim."  *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006).  Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure.  *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v.*

---

[1] Although Plaintiffs titled this document "Amendments," the document appears to be an amended complaint.

*Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[P]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for *pro se* litigants is liberal, it requires more than the bare assertion of legal conclusions. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

**B.     Analysis**

County Defendants argue that Plaintiffs' amended complaint "leave these Defendants uncertain as to what claims Plaintiffs are asserting, which claims are directed at which Defendants, and what factual allegations purportedly support each claim." (Doc. 29, at 1–2.) Defendants request that Plaintiffs:

> (1) clearly plead and identify each claim or cause of action asserted against each of [the County Defendants]; (2) identify which claims and/or causes of action are directed toward which [County Defendant]; (3) set forth simple, concise, and direct factual allegations supporting each claim; and (4) state each factual allegation and each claim or cause of action in separate, numbered paragraphs as required by Rule 10(b).

(Doc. 27, at 2). Plaintiffs' amended complaint alleges violations of various laws with little to no factual allegations to support their claims that their rights have been violated. (*See generally* Doc. 15.) It is unclear from the amended complaint what law Plaintiffs believe has been violated or who allegedly violated a law. Due to the lack of factual allegations, the general allegations that their rights have been violated, and the vague assertions on who may have violated such

3

unknown rights, Plaintiffs are **ORDERED** to amend their complaint addressing the issues listed below and clearly stating who each of their claims is against.

1. **Tennessee Constitution Article XI Section 16**

Plaintiff seems to also assert claims under Tennessee's Constitution Article XI § 16, which states,

> The declaration of rights hereto prefixed is declared to be a part of the Constitution of this State, and shall never be violated on any pretence whatever. And to guard against transgression of the high powers we have delegated, we declare that everything in the bill of rights contained, is excepted out of the General powers of government, and shall forever remain inviolate.

However, "Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Morton v. State*, No. M2008-02305-COA-R3-CV, 2009 WL 3295202, at *3 (Tenn. Ct. App. Oct. 13, 2009) ("Tennessee has not recognized an implied cause of action for damages based upon violations of the Tennessee Constitution."). Plaintiffs are ordered to amend their complaint to either remove this cause of action or to state under what statutes they believe their rights were violated, who violated those rights, and how those rights were violated. Otherwise, this cause of action will be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

2. **General Constitutional Rights**

Plaintiffs cite at various points in their amended complaint the Constitution of the United States. (*See generally* Doc. 15.) Plaintiffs' initial complaint included § 1983 claims, but the amended complaint does not mention § 1983. (*See generally* Docs. 1, 15.) 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights . . . secured by the Constitution and laws [of the

United States], shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

The Supreme Court has held that municipalities and other local governments "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). *Monell* clarified that local governments can also be liable under § 1983 for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91. A local government entity, however, "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original); *see also id.* at 694 ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). A plaintiff seeking to subject a municipality to § 1983 liability for the actions of its officers "must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell,* 436 U.S. at 694).

Here, it is unclear what specific constitutional rights Plaintiffs believe were violated and who violated those rights. It is also unclear if the claims are being brought under § 1983. Plaintiffs are ordered to amend their complaint to either remove this cause of action or clarify their claims under the Constitution by providing factual allegations detailing what rights they

believe were violated, who violated those rights, and how.[2] Otherwise, this cause of action will be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

### 3. Tennessee Code Annotated §67-5-2405(b)(2)

Plaintiffs asserts that Davey, Hullander, and Chancellor Fleenor violated Tennessee Code Annotated §67-5-2405(b)(2). (Doc. 15, at 7.) That statute states:

> Additional defendants and delinquent taxes may be added to the suit as a matter of right upon the filing of a notice on behalf of the complainant to add additional defendants and without the necessity of amending the complaint. Upon the filing of such notice, the additional defendants shall be served with process pursuant to the Rules of Civil Procedure and § 67-5-2415.

Tenn. Code Ann. § 67-5-2405(b)(2). However, Plaintiffs state they "received [Davey's] court summons" and cite portions of "Daveys [sic] delinquent tax lawsuit complaint[.]" (Doc. 15, at 6–7.) It is unclear how any of the Defendants violated § 67-5-2405(b)(2), which deals with adding additional defendants and ensuring those defendants are served. Plaintiffs are ordered to amend their complaint to provide factual allegations on how specifically they believe their rights were violated under Tennessee Code Annotated § 67-5-2405(b)(2) or remove this cause of action from the amended complaint. Otherwise, this cause of action will be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

### 4. Tennessee Code Annotated § 13-21-1001

Plaintiffs also state that Davey violated Tennessee Code Annotated § 13-21-1001, *et seq*. (Doc. 15, at 7.) The statutes within Chapter 21 address structures unfit for occupation or use, acquisition of vacant properties, and residential rental inspections. *See generally* Tenn. Code Ann. § 13-21-101, *et. seq*. However, there is no Section 1001 in Chapter 21. *See id.* If Plaintiffs

---

[2] To the extent Plaintiffs wish to allege claims under 42 U.S.C. § 1983, Plaintiffs' amended complaint should state whether they are bringing those claims against individuals in their official or individual capacity.

meant to cite Tennessee Code Annotated § 13-21-101 instead of § 13-21-1001, it is still unclear from Plaintiffs' conclusory language how or what statute Davey allegedly violated. Plaintiffs are ordered to amend their complaint with the correct statute along with the factual allegations on how specifically they believe their rights were violated or remove this cause of action from the amended complaint. Otherwise, this cause of action will be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

### 5. Murder of Mr. Gibson

Plaintiffs also appear to be pursuing a claim for the alleged "murder of Mr. Gibson." (Doc. 15, at 7.) First, it is unclear if Plaintiffs have standing to bring a suit on behalf of Mr. Gibson's estate. (*See id.*) Second, although the alleged murder of Mr. Gibson is listed under Plaintiffs' section regarding Davey, it is unclear how he is connected with this allegation. It is also unclear if any of the other named Defendants are connected with this allegation. Plaintiffs are ordered to amend their complaint either to remove this cause of action or to state how they have standing to bring this claim along with factual allegations specifying what Defendants are alleged to have been involved in this cause of action.

### 6. 18 U.S.C. §§ 241–242

Plaintiffs also allege that several County Defendants "should be arrested and [p]rosecuted under Titled 18 US Code 241 and 242 . . . ." (Doc. 15, at 8, 9.) However, there is no private right of action for either 18 U.S.C. §§ 241 or 242.[3] *United States v. Oguaju*, 76 F. App'x 579,

---

[3] It is unclear if Plaintiffs' claim listed in the case caption, "conspiracy to defraud taxpayers," is asserted under 18 U.S.C. §§ 241 and 242. (Doc. 15, at 1). If Plaintiffs are attempting to allege a conspiracy under another statute, their amended complaint should include the statute and factual allegations to support such a claim. However, the Supreme Court of the United States has recognized that "States have long imposed taxes on property[,]" that "[s]uch taxes are not themselves a taking," and that States may "seize and sell property" to collect such taxes. *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631, 637–38 (2023).

580 (6th Cir. 2003) (stating that these statutes, which are "directed to the criminal violation of civil rights, [do] not grant a blanket investigatory power to be invoked by a citizen."). Since these statutes do not grant private citizens a right to prosecute under these laws, Plaintiffs are ordered to remove this cause of action from their amended complaint.[4] Otherwise, this cause of action will be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

### 7. Real Estate Law, Laws Regarding Finance, Usury/Interest, Forced Extortion

Against Miller and Gupta, Plaintiffs allege they are "[c]urrently violating Real Estate Law and Laws regarding Finance, Usury/Interest, Forced Extortion money to their investor." (Doc. 15, at 9.) This broad reference to real estate and finance laws is too vast to provide any Defendant proper notice of the claims brought against him or her. Plaintiffs are ordered to amend their complaint citing the specific laws and the factual allegations to support their theory that those laws have been violated or remove this claim. Otherwise, this cause of action will be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

## III. MOTIONS TO DISMISS

"An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013). Here, the day after Chancellor Fleenor filed her motion to dismiss, Plaintiffs filed their amended complaint, which became the controlling complaint in this matter. The Court will deny as moot Chancellor Fleenor's motion to dismiss with leave to refile.[5]

---

[4] The proper method to invoke such investigations is by bringing such claims to the proper law enforcement agency.

[5] However, Chancellor Fleenor appears to be entitled to judicial immunity. The Sixth Circuit has stated that judicial immunity "is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*,

Although the City Defendants' motion to dismiss was filed after the amended complaint, the Court will deny the City Defendants' motion to dismiss with leave to refile since the Court is ordering Plaintiffs to file an amended complaint.

## IV. CONCLUSION

For the reasons stated above, the County Defendants' motion for a more definite statement (Doc. 27) is **GRANTED**. Plaintiffs are **ORDERED** to file a second amended complaint on or before **December 5, 2025** that addresses all the issues identified in Section II.B of this Order and adheres to the requirements of the Federal Rules of Civil Procedure[6] and the Court's local rules[7]. Plaintiffs are **ON NOTICE** that failure to comply with this Order may result in sanctions, up to and including, dismissal of this action. Furthermore, Chancellor Fleenor and the City Defendants' motions to dismiss are **DENIED** with leave to refile.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

63 F.4th 510, 518 (6th Cir. 2023); *see Mireles v. Waco*, 502 U.S. 9, 11 (explaining that judicial immunity applies even when there are "allegations of bad faith or malice").

[6] *See, e.g.*, Fed. R. Civ. P. 8(a), 8(d), 10.

[7] The local rules are available at: https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.