# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| CAROL GADDY, *et al.*, | ) | |
| | ) | Case No. 1:25-cv-226 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| MAZEN SOUKIEH, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Before the Court are motions to dismiss filed by: (1) Defendant Chancellor Pamela Fleenor (Doc. 39); (2) Defendants Harolda Bryson and Phillip Noblett (collectively, "City Defendants") (Doc. 36); and (3) Defendants Robin Miller, James Davey, Bill Hullander, and Shannon Gupta (collectively, "County Defendants") (Doc. 44). Also before the Court is Plaintiffs Carol Gaddy and Kelly Gaddy's motion for emergency injunction (Doc. 48). For the reasons below, the Court will grant Defendant Chancellor Fleenor, City Defendants, and County Defendants' motions to dismiss and will deny Plaintiffs' motion for emergency injunction.

## I.      BACKGROUND

This suit arises from a state-court action that placed Plaintiffs' homes on a tax-auction list. (Doc. 35, at 8.) Although Plaintiffs received a summons for the state-court proceeding, they allege that Defendant James Davey ("Davey") refused to provide them with a complaint, and that Defendant Bill Hullander ("Hullander") was present during this interaction.[1] (*Id.* at 9–10, 11.)

---

[1] Based on Plaintiffs' second amended complaint, it appears that both Davey and Hullander are government employees for Hamilton County, Tennessee, but their exact positions are unclear from the second amended complaint. (*See* Doc. 35, at 9–11.)

Plaintiffs allege that during these proceedings Chancellor Fleenor, the presiding judge, "[l]aughed" at one of the Plaintiffs and informed her "that there would be No [sic] court record for her[.]" (*Id.* at 8.) Plaintiffs then attempted to pay the amount owed to redeem their property to the Hamilton County Clerk and Master[2] but were asked to leave by police officers. (*Id.* at 11–12.) Plaintiffs also allege that Mazen Soukieh and Abdon Vazquez, the individuals who purchased Plaintiffs' homes from the tax auction, trespassed on Plaintiffs' properties. (*See* Doc. 35, at 13–14; Doc. 48-1, at 3.) Plaintiffs allege that one of their homes was burglarized by two unknown individuals, and that the "city Attorneys [sic] office" would not give Plaintiff Carol Gaddy information about the police report.[3] (Doc. 35, at 12.)

On July 14, 2025, Plaintiffs, proceeding *pro se*, filed their initial complaint (Doc. 1). Chancellor Fleenor filed a motion to dismiss the initial complaint on August 6, 2025 (Doc. 12). On August 7, 2025, Plaintiffs filed their first amended complaint (Doc. 15). City Defendants then filed a motion for a more definite statement (Doc. 27), and County Defendants filed a motion to dismiss (Doc. 25). The Court granted City Defendants' motion for a more definite statement, ordered Plaintiffs to file a second amended complaint, and denied Chancellor Fleenor and City Defendants' motions to dismiss with leave to refile. (Doc. 31.) Plaintiffs subsequently filed their second amended complaint (Doc. 35). In Plaintiffs' second amended complaint, the Plaintiffs assert that they are entitled to a default judgment against Defendant Vazquez and also

---

[2] Based on Plaintiffs' second amended complaint, it appears that Defendants Robin Miller ("Miller") and Shannon Gupta ("Gupta") are government employees for Hamilton County Clerk & Master, but it is unclear from the second amended complaint what positions Miller and Gupta hold in that office. (*See* Doc. 35, at 11–12.)

[3] Based on Plaintiffs' second amended complaint, it appears that Defendants Phillip Noblett and Harolda Bryson are employees for the City of Chattanooga, Tennessee, but it is unclear from the second amended complaint what positions they hold. (*See* Doc. 35, at 12–13.)

request an emergency injunction. (*Id.* at 5.) City Defendants, Chancellor Fleenor, and County Defendants filed motions to dismiss (Docs. 36, 39, 44). Plaintiffs filed a response in opposition to the motions to dismiss (Doc. 49) and a motion for emergency injunction (Doc. 48). Defendants' motions to dismiss and Plaintiffs' motion for emergency injunction are ripe.

## II.    MOTION TO DISMISS

### A.    Standard of Law

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id.* at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful that *pro se* complaints "are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, the Court is "not required to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for *pro se* litigants is liberal, it requires more than the bare assertion of legal conclusions. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

**B. Analysis**

**1. Chancellor Fleenor**

In their second amended complaint, Plaintiffs allege that Chancellor Fleenor has: (1) violated the Tennessee "State Property Statute;" (2) violated Tennessee Code § 39-16-403 by committing "official oppression"; (3) engaged in tax conspiracy; and (4) violated "the Separation of Powers Doctrine" by putting Plaintiffs' "homes on [a] tax auction list[.]" (Doc. 35, at 7–9.) "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citations omitted). "[S]tate judges are absolutely immune from liability under 42 U.S.C § 1983." *Id.* (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). Judicial immunity applies even when judicial acts are "performed maliciously and corruptly[,]" "in bad faith[,] or with malice[.]" *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). There are, however, two circumstances where judicial immunity does not attach: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity[;]" and (2) "a judge is not immune for actions, though judicial in nature, taken in [] complete absence of all jurisdiction." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

Here, Plaintiffs' allegations against Chancellor Fleenor stem from acts she took in her judicial capacity, and their complaint expressly requests that this Court reverse Chancellor Fleenor's orders and judgments.[4] (Doc. 35, at 8–9.) Plaintiffs claim Chancellor Fleenor ordered

---

[4] Plaintiffs' request that this Court reverse Chancellor Fleenor's orders and judgments is a request for this Court to act as an appellate court to the state court. (Doc. 35, at 8–9.) However, the *Rooker-Feldman* doctrine "bars [federal district courts] from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012).

their homes be put on a "tax sale list," which violated the "Tenn[essee] State Property Statute," the Plaintiffs' "due process rights," and "the "Separation of Powers Doctrine . . . ." (*Id.*) They also allege that Chancellor Fleenor's "orders against State property tax Statute is central to this tax Conspiracy." (*Id.* at 9.) Additionally, they allege that Chancellor Fleenor violated Tennessee's "Oppression Statute" because, while on the bench, Chancellor Fleenor "[l]aughed" at one of the Plaintiffs and informed her "that there would be No court record for her[.]" (*Id.* at 8.) All these allegations relate to actions Chancellor Fleenor took in her judicial capacity. Plaintiffs have not alleged that Chancellor Fleenor's actions were either nonjudicial actions or that, though the acts were judicial in nature, they were taken in complete absence of all jurisdiction. *See Leech*, 689 F.3d at 542. Furthermore, although Plaintiffs allege that Chancellor Fleenor participated in a "tax conspiracy," their allegations are legal conclusions without any supporting factual allegations to support such a claim. Therefore, Chancellor Fleenor is entitled to judicial immunity, and her motion to dismiss is granted.

### 2. Davey

Plaintiffs assert claims under 42 U.S.C. § 1983 against Defendant James Davey, a Hamilton County employee, in his individual capacity for: (1) violating Plaintiffs' due process rights by not serving them a complaint in the state lawsuit; and (2) adding "[u]nfunded [m]andates" to Plaintiffs' tax bill without their permission.[5] (Doc. 35, at 4, 9–10.)

---

[5] Additionally, in opposing Davey's motion to dismiss, Plaintiffs attempt to assert new claims, including claims based on violations of their Fourth and Seventh Amendment rights. (Doc. 49, at 4.) However, "a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.'" *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)). Plaintiffs "cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.* (citation modified). Therefore, Plaintiffs' new causes of action asserted in their opposition to the motion to dismiss will not be

Plaintiffs allege they received a summons from Davey "weeks earlier" to the deadline to respond to the state court proceeding, but failed to receive a complaint, which they contend violated their due process rights. (*Id.* at 9) Under the Tennessee Code, in a tax lien proceeding, "[i]f process is to be served upon a defendant, the defendant does **not** have to receive a copy of the **complaint** or exhibits." Tenn. Code Ann. § 67-5-2415(d) (emphasis added). As a result, under Tennessee law, Davey was not required to provide Plaintiffs with the complaint. *Id.* Therefore, Plaintiffs have failed to allege facts that their due process rights were violated.

Plaintiffs next allege that Davey violated Plaintiffs' "civil rights" by adding unfunded mandates to Plaintiffs' tax bill without their permission. (Doc. 35, at 10.) The Tax Injunction Act, provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Tennessee provides a plain, speedy, and efficient remedy for property owners who believe their property taxes have an error—Tennessee Code § 67-5-509. Plaintiffs seek to have $40,000 recovered based on their alleged erroneous property tax bill. (Doc. 35, at 15.) However, since Tennessee provides a procedure for property owners to dispute their property taxes, this Court lacks jurisdiction.[6] Accordingly, Plaintiffs' claims against Davey are dismissed.[7]

---

considered. Even if the Court did consider these new causes of action, Plaintiffs fail to support such causes of action with factual allegations sufficient to show they have a plausible claim.

[6] Furthermore, if Plaintiffs are attempting to assert that specific taxes on their property tax bill are unconstitutional, "[t]he [Tax Injunction] Act also prohibits [federal district] courts from issuing declaratory judgments holding state tax laws unconstitutional." *Conely v. Township of York*, 76 Fed. App'x. 49, 51 (6th Cir. 2003); *see also California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).

[7] In the second amended complaint's section about Davey, Plaintiffs also assert that they "intend to prove [the] murder of Mr. Gibson." (Doc. 35, at 10.) However, Plaintiffs do not allege any

7

### 3.     Hullander

Plaintiffs assert § 1983 claims against Hullander, a Hamilton County, Tennessee employee, in his individual capacity for:  (1) discrimination; and (2) obstructing Plaintiff Carol Gaddy's due process rights.[8]  Plaintiffs also assert that Hullander should be prosecuted under 18 U.S.C. §§ 241 and 242.  As the Court discussed in its November 19, 2025 order, there is no private right of action for either 18 U.S.C. §§ 241 or 242 (*See* Doc. 31, at 7–8).  Therefore, the 18 U.S.C. §§ 241 and 242 claims are dismissed.

As to Plaintiffs' § 1983 claims, Plaintiffs fail to allege any facts to plausible state a claim. The only facts Plaintiffs allege regarding Hullander is that he "was in the same office with Attorney Daveys [sic] the day of Carol Gaddys [sic] 2nd trip to the Hamilton County Court house[] to get a copy of the complaint filed against her."  (Doc. 35, at 11.)  Plaintiffs do not provide factual allegations specifying how Hullander allegedly discriminated against them or otherwise obstructed Carol Gaddy's due process rights.  The only allegation in the second amended complaint regarding Hullander is that he was present when Carol Gaddy sought a copy of a complaint, but such an allegation is insufficient to support a claim for discrimination or due process violations.[9]  Accordingly, Plaintiffs' claims against Hullander are dismissed.

---

facts that connect Davey to any such allegations.  (*See id.* at 10, 15.)  Therefore, such claims are dismissed.

[8] Plaintiffs' opposition to Hullander's motion to dismiss includes additional allegations and claims.  (*See* Doc. 49, at 4.)  As discussed above, this Court cannot consider new allegations in an oppositional brief but rather must focus on the allegations in the pleadings.  *Waskul*, 979 F.3d at 440.  Even if the Court were to consider the allegations in Plaintiffs' opposition, Plaintiffs still do not allege facts to support claims for conspiracy, violations of Plaintiffs' rights under the Fourth or Seventh Amendment, discrimination, or obstruction of Plaintiffs' due process rights.

[9] Furthermore, Plaintiffs' claims against Hullander in their second amended complaint is word-for-word identical to their claims against Hullander in their amended complaint (s*ee* Docs. 15, 35)—failing to comply with the Court's November 19, 2025 Order (Doc. 31).  The Court identified issues with Plaintiffs' amended complaint and ordered the Plaintiffs to file a second

### 4. Defendant Miller and Gupta

Plaintiffs' only allegation regarding Miller and Gupta, Hamilton County, Tennessee government employees, is that they "both should be arrested and prosecuted under U.S. Code Title 18 , [sic] 241 and 242….[sic] Currently violating Real Estate Law and Laws regarding Finance, Usury/Interest, Forced Extortion money to their investor." (Doc. 35, at 12.)  As discussed earlier in Section II.B.3, Plaintiffs do not have a private right of action under 18 U.S.C. §§ 241 and 242, and, therefore, those claims are dismissed.

Furthermore, this Court told Plaintiffs that allegations that Miller and Gupta are "[c]urrently violating Real Estate Law and Laws regarding Finance, Usury/Interest, Forced Extortion money to their investor[]" was a "broad reference to real estate and finance laws" that was "too vast to provide any Defendant property notice of the claims brought against him or her." (Doc. 31, at 8.)  The Court ordered Plaintiffs either "to amend their complaint citing the specific laws and the factual allegations to support their theory that those laws have been violated or remove this claim." (*Id.*)  Plaintiffs' second amended complaint nonetheless asserts the same claims—violations of "Real Estate Law and Laws regarding Finance, Usury/Interest, Forced Extortion. (Doc. 35, at 12.)  The second amended complaint fails to provide the specific laws or factual allegations to support their theories that those laws have been violated. Accordingly, Plaintiffs' claims against Miller and Gupta are dismissed.[10]

---

amended complaint that addressed the issues identified by the Court. (*Id.*)  However, Plaintiffs' claims against Hullander did not attempt to correct any issues.  Instead, Plaintiffs chose to ignore the Court's order and copy the identical language of their amended complaint.

[10] Similar to the other defendants, Plaintiffs' opposition to the motions to dismiss tries to bring new claims and allege new facts against Miller and Gupta, but the Court can only consider what is in the pleadings.  However, even if the Court considered the new information and claims, Plaintiffs still have not pled facts sufficient to sustain an action against Miller and Gupta.

9

### 5. City Defendants

Plaintiffs assert that the City Defendants violated their "civil rights" and did "not give [Plaintiff Carol Gaddy] the information" from a police report regarding an alleged break-in. (Doc. 35, at 12–13.)  Federal courts "should not have to guess at the nature of the claim asserted" even for *pro se* plaintiffs.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citation omitted); *see also Goodell v. Ervin*, 591 F. Supp. 3d 232, 238 (E.D. Mich. 2022) (citation omitted) ("[C]ourts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him.  Neither may the court 'conjure up unpled allegations,' nor create a claim for Plaintiff.").  Plaintiffs' claims do not cite what specific civil rights or laws they believe have been violated by City Defendants.  It is outside this Court's power to construct Plaintiffs' legal arguments or create Plaintiffs' claims—even with Plaintiffs' *pro se* status.  Plaintiffs fail to state a claim for relief, and therefore, Plaintiffs' claims against City Defendants are dismissed.

### III.  MOTION FOR EMERGENCY INJUNCTION

Plaintiffs request that the Court grant them an emergency injunction to enjoin all Defendants from taking any further actions against Plaintiffs regarding their Chattanooga homes—2605 East 45th Street and 3205 Wood Avenue—in the pending Hamilton County General Sessions Case No. 26GS1763.  (Doc. 35, at 5; Docs. 48, 48-1.)  Plaintiffs are asking the Court to halt an ongoing state proceeding.  (*See generally* Doc. 48.)  The Court lacks the power to do so absent narrow exceptions of bad faith or harassment which Plaintiffs have not met.  *See Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger v. Harris*, 401 U.S. 37, 53–54 (1971) ("[T]he Supreme Court [has] held that absent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal

jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings.”)).

Accordingly, the Court denies Plaintiffs' motion to enjoin the state court proceedings (Doc. 48).

## IV.    MOTION FOR DEFAULT JUDGMENT

Plaintiffs also move for default judgment against Defendant Vazquez. (*See* Doc. 35, at 5.)  However, Plaintiffs' request does not comply with Rule 55 of the Federal Rules Civil Procedure.  Therefore, the Plaintiffs' request for a default judgment against Defendant Vazquez is denied.

## V.    JURISDICTION

Federal courts are courts of limited jurisdiction and only possess that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  “[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.”  *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  It is unclear whether this Court has subject-matter jurisdiction over the claims asserted against the remaining two defendants: (1) Mazen Soukieh and (2) Abdon Vazquez.

Plaintiffs label their claim against Soukieh as “criminal Trespass a Federal offense.” (Doc. 35, at 13.)  However, the property at 3205 Wood Avenue, as alleged by Plaintiffs, is their residential home and not a building covered by federal trespassing laws.  *See* 18 U.S.C. §§ 1382, 1752.  Furthermore, even if Plaintiffs' property was covered by federal trespassing laws, those laws do not invoke a private right of action to allow Plaintiffs to bring forth such a suit.  *Id.* Therefore, Plaintiffs are ordered to show cause how this Court has subject-matter jurisdiction over the claims asserted again Soukieh.

Plaintiffs' claims against Abdon Vazquez are unclear and read more like a grievance of Hamilton County's property taxes. (*See* Doc. 35, at 13–14.) Therefore, Plaintiffs are ordered to show cause on how this Court has subject-matter jurisdiction over such claims.

## VI. CONCLUSION

For the reasons stated above, Defendant Chancellor Fleenor, County Defendants, and City Defendants' motions to dismiss (Docs. 36, 39, and 44) are **GRANTED** and the following defendants are **DISMISSED with prejudice**: Chancellor Fleenor, James Davey, Bill Hullander, Robin Miller, Shannon Gupta, Phillip Noblett, and Harolda Bryson. Plaintiffs' motion for an emergency injunction (Doc. 48) is **DENIED**. Plaintiffs' request for a default judgment against Defendant Vazquez (Doc. 35, at 5) is **DENIED**. Plaintiffs are **ORDERED** to show cause how this Court has subject-matter jurisdiction over the claims against Mazen Soukieh and Abdon Vazquez **on or before June 8, 2026**. Plaintiffs are **ON NOTICE** that failure to comply with this Order may result in sanctions, up to and including, dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**