| | | |
|---|---|---|
| CAROL GADDY, *et al.*, | ) | |
| | ) | Case No. 1:25-cv-226 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| MAZEN SOUKIEH, and ABDON | ) | |
| VAZQUEZ., | ) | |
| | ) | |
| *Defendants*. | | |

## MEMORANDUM OPINION

Before the Court is Plaintiffs' response to the Court's show cause order (Doc. 56). On May 18, 2026, the Court ordered Plaintiffs to "show cause how this Court has subject-matter jurisdiction over the claims against Mazen Soukieh and Abdon Vazquez . . . ." (Doc. 55, at 11–12.) In Plaintiffs' operative complaint, Plaintiffs allege federal criminal trespass against Soukieh and do not cite any federal law that Vazquez has violated. (Doc. 35, at 13–14.)

Federal courts are courts of limited jurisdiction and only possess that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides "a neutral forum" for parties from different States.

*Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, at 437–38 (2019). "The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)). A private right of action only exists if "Congress intended to create the private right of action." *Id.* "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Plaintiffs' response to the Court's show cause alleges that this Court has "subject matter [j]urisdiction over Maz[e]n and Abdon[] because [o]ur . . . President[] Donald J. Trump has signed an Executive [O]rder[] preventing the buying up of [o]ur [s]ingle [f]amily homes by [c]orporations for their rental [p]rofits." (Doc. 56, at 1.) It also states that Soukieh and Vazquez are "[s]traw buyers for the Big Boy's, 'traitors' such as Al Gore and Bob Corker who think they are in the World Economic Forum . . . ." (*Id.* at 2.) She further alleges that Soukieh coordinated their home to be burglarized on March 19, 2026. (*Id.* at 2–3.)

Plaintiffs' first argument is that the Executive Order titled "Stopping Wall Street from Competing with Main Street Homebuyers," Exec. Order No. 14376, 91 Fed. Reg. 3023 (Jan. 20, 2026), provides jurisdiction. This Executive Order, however, is not a statute that provides a private right of action. *See id.* Instead, it orders various executive agencies to take specific actions like restricting the federal government from selling single-family homes to "large institutional investor[s]." *See id.* Therefore, this Executive Order does not provide Plaintiffs with jurisdiction.

Plaintiffs' second argument centers around Soukieh coordinating the burglary of Plaintiffs' property.  (Doc. 56, at 2–3.)  This allegation, however, was not in Plaintiffs' operative complaint.  (*See* Doc. 35.)  Plaintiffs cannot add a new cause of action outside of amending their complaint.  Even if the Court allowed such an amendment, this argument would not provide this Court with jurisdiction because Plaintiffs' allegations do not allege what federal law they believe has been violated or that such a law provides them a private right of action.  Further, this Court cannot find any federal law for burglary that would provide Plaintiffs jurisdiction.

Plaintiffs have failed to establish that this Court has subject matter jurisdiction over this matter.  Accordingly, this matter is **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

3